## WILLIAM S. WATERS' LESSEE *vs.* EMORY RIGGIN.

In an action of ejectment, the plaintiff claiming as trustee under the deed of an insolvent debtor, and the defendant, the said insolvent, relying upon an outstanding title in a third party, H., under a prior deed from himself, the grantee, H., having cotemporaneously with the execution of the deed, given a bond conditioned for the re-conveyance of the lands conveyed, on the payment back of the purchase money, with interest, five years thereafter; evidence was offered by parol of a contract between the defendant and H., whereby H. agreed to become the purchaser of the said lands for the sum of $1,400, and agreed to pay judgment and other debts of the defendant to the amount of $1,100 in part settlement thereof, and paid to the defendant $300, the balance of said purchase money; and the defendant at the same time agreed to rent said lands of said H. for the sum of $50 *per annum.* There was also evidence of the payment, on one occasion, of said rent. HELD:

1. That said evidence was admissible as part of the *res gestae*, and also to rebut the plaintiff's impeachment of the deed to H., on the ground that the defendant, at the time of its execution, had it in contemplation to apply for the benefit of the insolvent laws.

2. That the admission of said evidence worked no injury to the plaintiff, but tended to qualify the absolute character of the deed referred to.

Where the defendant offered in evidence copies of certain bills obligatory and judgments against him, and testimony of their payment by the grantee under the first deed, and their assignment to him, to show the payment of the consideration set forth in said deed,—HELD: that the evidence so offered proved nothing inconsistent with the consideration in the deed; that the claims paid by said grantee will be considered as paid by the grantor himself; and that such evidence was further admissible to rebut the impeachment of fraud.

After the plaintiff had given evidence of the continued possession of the defendant, after the execution of the deed to H., from which fraud might be inferred, the said bills obligatory and declarations of the parties, in the presence of several witnesses, were admissible to rebut the presumption of fraud, and as to those matters may be regarded as *res gestae*, and as explanatory of the continued possession of the defendant.

The deed from the defendant to H., must be regarded as a mortgage, and there being no evidence that the bond, operating as a defeasance, was recorded with the deed, H. could have no benefit or advantage from the recording thereof, and the deed was improperly admitted to go to the jury as evidence of title in H.

If the deed from the defendant to H. be regarded as a mortgage, the plaintiff, as the insolvent trustee of the defendant, takes the property in dispute

into his exclusive *possession* and control, free from the interference of H., the mortgagee.

A contract by a vendee, made contemporaneously with the deed, to re-sell to the vendor, if *bona fide*, does not impair the validity of the deed, nor is it necessary that the contract of re-sale should be recorded with the deed.

The evidence above stated, explanatory of the nature of the circumstances surrounding the execution of the deed to H., brought the case within the operation of the Act of 1825, ch. 203, but from the face of said deed and bond, considered in themselves, this result does not follow.

Notwithstanding the jury might find all the facts stated in the several prayers in this case, yet unless they also found that the grantee, H., had notice of the insolvent condition or fraudulent intent of the defendant, the grantee's title under the said deed could not be successfully impeached, either under our insolvent laws or under the Statute of Elizabeth.

Where the deposition of a witness, taken under a commission from Chancery, in a case then pending between the parties in this cause, was offered in evidence, there being no evidence that the commission was properly returned and authenticated by the commissioner, or that the Court of whose records it formed a part, had taken any judicial action thereon,—HELD: That such deposition was inadmissible.

Where a party, by his own admissions, or by his own proof, shows facts upon which the Court is asked to make a ruling against him, it may assume such facts to be true; because he cannot contradict them.

APPEAL from the Circuit Court for Somerset county.

This was an action of ejectment, brought on the 17th of March 1857, by the appellant, for fifteen acres of land conveyed by Levi Riggin to Emory Riggin, by deed dated the 4th of November 1843; and for one acre, which said Emory Riggin bought of one Ward. The writ was served on Emory Riggin as tenant in possession, and he appeared as defendant to the suit, and pleaded *non cul.*, on which issue the case was tried, and at the trial several exceptions were taken by the plaintiff.

*1st Exception.* The lessor of the plaintiff claimed title as trustee in insolvency of the defendant, and offered in evidence the proceedings upon the application of the defendant for the benefit of the insolvent laws, and his appoint-

ment as trustee. The petition was filed on the 28th of November 1849. The petitioner returned no property and no debts due him, and a list of debts due by him largely over $2,000. The creditors filed allegations, and objected to his final discharge. The appellant was appointed his trustee by an order of the Insolvent Court, on the 24th of May 1850, (in place of the previous trustee, who was removed,) and gave bond as such. The plaintiff then offered in evidence the deed from Levi Riggin to Emory Riggin, for the land in controversy, dated the 4th of November 1843, and proved that, from the date of that deed down to and at the time of his application, the defendant was in possession of the premises, and was at the time of bringing this suit, and still is, in possession of the same.

The defendant then offered, from one of the record books of the county, a duly certified copy of a deed from himself to one Joshua P. Horsey, dated the 27th of October 1849, by which the land in dispute is conveyed absolutely and in fee to the grantee in that deed, "in consideration of the sum of $1,400, current money, to him in hand paid by the said Horsey, before the sealing and delivery of these presents, the receipt whereof the said Emory Riggin doth hereby acknowledge," with general warranty of title.

The plaintiff, then, for the purpose of showing that this deed was made in fraud of creditors, read in evidence the schedule of indebtedness returned by the petitioner with his petition for the benefit of the insolvent law, and copies of three judgments rendered in Somerset county, on the 26th of November 1849, in favor of Thomas Lord, with the causes of action on which they were rendered; also a copy of a judgment in that Court, in favor of Henry Ward, against him, dated May 20th, 1850, with the causes of action on which the same was rendered; another judgment of the same date in favor of Brinkley & Hall, and another in favor of Benson's administrators, dated 13th of January

1858. He then offered in evidence a bill of sale by the defendant to Daniel Benson, dated the 28th of November 1849, by which, in consideration of $300, he conveyed certain enumerated articles of personal property, consisting of stock and household furniture; and also offered evidence tending to show that by the execution of the aforesaid deed to Horsey, the defendant intended to avoid the payment of his debts.

The plaintiff, then, having proved the death of a certain John H. Moore, and offered to read in evidence the interrogatories propounded to said Moore, and his depositions in answer thereto, taken under a commission in a chancery cause, between the lessor of the plaintiff and the creditors of Riggin as complainants, and Horsey and Riggin as defendants, the object of which was to vacate and annul this same deed, as made in fraud of creditors. To the admission of this deposition as evidence in this cause, the defendant objected, and it not appearing to the Court that said deposition had been filed or returned to the Court of Equity from which the commission issued, the Court sustained the objection, and refused to let the deposition be read to the jury, and to this ruling the plaintiff excepted.

*2nd Exception.* The defendant then offered to prove, by Miss Mary P. Wills, a sister of Mr. Horsey's wife, that she was present and heard the contract between Riggin, the defendant, and Horsey, the grantee in the deed sought to be impeached, several days before the deed was executed; that Riggin told Horsey that there were judgments on his land, under which it was liable to be sold; that he wished Horsey to buy it, pay off the liens, and certain named creditors, including $90, a debt he owed to Horsey. "That this would give him an opportunity to pay all his debts;" that the price agreed on was $1,400; that a calculation was made of the liens and debts to be paid, by Horsey, and $300 remained, which Horsey paid over to Riggin; that

Riggin agreed to rent the lands from Horsey; and that
Horsey died in 1854, and witness, at request of her sister,
Horsey's widow and administratrix, called, in 1854, on
Riggin, and collected $50 for rent.

To the admissibility of this conversation and agreement
the plaintiff objected, as not legal and competent evidence
in the case, because: 1st, it is merely the declarations of
the defendant and a stranger, and forms no part of the *res
gestæ* attending the execution of the deed in question; 2nd,
because they show a consideration for said deed different
from that expressed therein on its face; and 3rd, because
not relevant to any of the issues in the cause. But the
Court overruled the objection, and allowed the evidence to
go to the jury, and to this ruling the plaintiff excepted.

*3rd Exception.* The defendant then, for the purpose of
showing the payment of the consideration mentioned in
the deed, offered in evidence a short copy of a judgment
against Riggin, in favor of Long, recovered May 23rd,
1849, and proved, by Long, payment to him by Horsey, of
the amount of that judgment on the 27th of November
1849, and the assignment by Long of that judgment to
Horsey on that day; also the bond of Riggin in favor of
Lankford, payment of the same by Horsey, (by giving his
note, which has since been paid,) and assignment thereof
by Lankford to him, on the 26th October 1849; also a copy
of a judgment against Emory Riggin and Eli Riggin, in
favor of E. Long, secured the 26th of November 1849, and
assignment of the same by said Long to Horsey, on the
25th July 1850, on payment thereof that day made by
Horsey to him; also a bond of said Riggin in favor of
Bruff, and the assignment thereof to Horsey, on the 1st of
July 1847. To the admissibility of each of which judg-
ments, bills obligatory and assignments thereof, as legal
and competent evidence to show the payment of the consi-
deration set forth in said deed, or to sustain said deed, the

defendant objected, as they were severally offered, but the Court overruled his objection to each of them, and admitted the same, as they were respectively offered, to go to the jury as legal and competent evidence in this cause. To which several rulings the plaintiff excepted.

*4th Exception.* The defendant then, further to maintain the issue on his part, offered in evidence a bond of Riggin to Horsey, for $90, for rent for 1851, dated the 1st January 1851, and proved by Bell certain conversations between Riggin and Horsey and witness, at the time this bond was executed, in relation to what the bond was for, and the price of the rent, &c. The plaintiff objected to the admissibility of this bond when offered, and also to the admissibility of the conversation testified to by the witness, so far as it relates to the consideration of the bond and the rent at the time it was offered; but the Court overruled the objection, and allowed the conversation and bond to go to the jury, being of opinion they were each legal and competent evidence in the cause. To this ruling the plaintiff excepted.

*5th Exception.* The defendant then, further to maintain the issue on his part, offered in evidence a bond executed by Horsey to him, dated the 27th of October 1849, by which Horsey binds himself in the penalty of $2,800 to reconvey to Riggin the land which had been conveyed to him by the deed in question, on payment of the said sum of $1,400, with legal interest, on or before the 27th of October 1851.

This bond was not recorded, and the plaintiff's counsel moved the Court that the record of the deed from Riggin to Horsey, which had been read in evidence, be excluded from the jury, as not legal and competent evidence in this cause, because said bond was not recorded with said deed. But the Court overruled this motion, and refused to ex-

clude said deed from the jury; and to this ruling the plaintiff excepted.

*6th Exception.* The defendant then, to maintain the issue on his part, offered in evidence a bond of Riggin in favor of Horsey, for $90, for the yearly rent of the farm where I now reside, dated the 1st of January 1852, and payable 1st of January 1853; and proved, by Handy, that at the time this bond was executed, Horsey remarked, in presence of Riggin and witness, that the land cost him $1,500, and he must have the interest of his money. The plaintiff objected to the admissibility of this declaration of Horsey as legal and competent evidence in the cause, but the Court overruled the objection, and permitted the bond and this conversation to go to the jury, as legal and competent evidence in the cause; and to these rulings the plaintiff excepted.

*7th Exception.* The five following prayers were then offered on the part of the plaintiff:

*1st Prayer.* If the jury, from the evidence in the cause, find that the defendant applied for the benefit of the insolvent laws of this State, in November 1849, and obtained the same, and that the plaintiff was duly and regularly appointed trustee of the defendant, and legally bonded as such before the institution of this suit, and that the defendant, at the date of his said application, was, and for a long time before had been in possession of the premises mentioned in the declaration, and was so at the bringing of this suit; and that on or about the 27th of October 1849, the defendant executed the deed offered in evidence of said premises to Joshua P. Horsey, and shall also find that Horsey executed the bond also offered in evidence, and that said bond has not been recorded with said deed, then said deed is not a defence to the plaintiff's claim in this suit.

*2nd Prayer.* If the jury, from the evidence in the cause, find the same facts stated in the preceding prayer, as to the application of the insolvent, the appointment and qualification of the trustee, and the defendant's possession of the premises; and if they further find the execution of the deed and bond as set forth in said prayer, and that the defendant executed the said deed with a view or under the expectation of being and becoming an insolvent debtor, and with the intent to prefer Joshua P. Horsey, Benjamin Lankford, William T. Bruff, George Adams, Mrs. Eliza Roach, Edward Long, and Sidney C. Long, or either of them, if they shall find that they or any of them so preferred, were at the time creditors or security of the defendant, then the said deed is null and void.

*3rd Prayer.* If the jury, from the evidence in the cause, find the same facts stated in the preceding prayer, as to the application of the insolvent, the appointment and qualification of the trustee, the defendant's possession of the premises, and if they further find the execution of the deed and bond as set forth in said prayer; and that the defendant executed the said deed with a view or under the expectation of being and becoming an insolvent debtor, and with the intent to prefer any of the creditors of the defendant, then the said deed is null and void.

*4th Prayer.* If the jury, from the evidence in the cause, are of the opinion that the defendant executed the deed to Joshua P. Horsey, offered in evidence, and at the time of so doing was embarrassed with debt, and owed many and large sums of money, which he was unable to pay, and that he executed said deed for the purpose and intent to delay, hinder and defraud his creditors, then the said deed is void.

*5th Prayer.* If the jury, from the evidence in the cause, are of opinion that the defendant executed the deed to Joshua P. Horsey, offered in evidence, and at the time of

so doing he was embarrassed with debt, and owed many and large sums of money which he was unable to pay, and that he executed said deed for the end, purpose and intent to delay, hinder and defraud his creditors, then the said deed is void, although they may also find that said deed was given for a valuable and adequate consideration.

The Court (SPENCE, J.) rejected all of these prayers, and to this ruling the plaintiff excepted, and from the judgment against him appealed.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*O. Miller,* for the appellant:

1st. The Court below was in error in ruling out the deposition of H. Moore, a deceased witness, as inadmissible in evidence under the circumstances, and for the purpose for which it was offered by the plaintiff, as set forth in his first exception. 1 *Greenlf. on Ev.,* secs. 163, 164, 516, 517, 552. 1 *Md. Dig.,* 264, sec. 10.

2nd. The questions arising upon the 1st prayer in the 7th exception, and on the ruling of the Court in the 5th exception, will be considered together. They relate to the validity of the deed *as a bar to this action,* because of the non-recording of the accompanying defeasance bond. It is to be observed that this is an action of ejectment, and the defence relied on is an *outstanding title* in a *third party.* Where such a defence is relied on, it must be a clear, subsisting title in a stranger,—such a *title as would enable* such person to *recover upon against either party* to the suit. If this is not shown, the defence is not made out. Now the deed in question and the bond came directly within the Act of 1825, ch. 203, sec. 2. *Hall vs. Gittings,* 2 *H. & J.,* 112. *George's Creek Co. vs. Detmold,* 1 *Md. Rep.,* 234. Act of 1818, ch. 104, and registry laws generally.

3rd. The second and third prayers of the plaintiff should have been granted; they state all that was required under the insolvent laws as they then existed, to render the deed void, and there is abundance of evidence in the cause from which the jury would be justified in finding the hypothesis of facts stated in them. *Cole vs. Albers & Runge,* 1 *Gill,* 412. *Gardner vs. Lewis,* 7 *Gill,* 378. *Beatty vs. Davis,* 9 *Gill,* 211. *Falconer vs. Clark,* 7 *Md. Rep.,* 177. *Glenn vs. Grover,* 3 *Md. Ch. Dec.,* 29. *Malcolm vs. Hall,* 1 *Md. Ch. Dec.,* 172. *Waters vs. Dashiell,* 1 *Md. Rep.,* 455.

4th. The plaintiff's fourth and fifth prayers should also have been granted. And in this connection it will be insisted that the rulings of the Court below, upon the admission of the evidence in the 2nd, 3rd, 4th and 6th exceptions, were erroneous. *Betts vs. The Union Bank,* 1 *H. & G.,* 186, 187. *McDowell vs. Goldsmith,* 6 *Md. Rep.,* 319. *Glenn vs. Randall,* 2 *Md. Ch. Dec.,* 220.

Parol evidence is not admissible to show that a bond given on its face for a money consideration, was in fact for an exchange of lands as part of the consideration. *Batturs vs. Sellers,* 6 *H. & J.,* 249. Parol evidence is not admissible to add to the terms of a written contract, or to explain or contradict them. This is a settled rule of law. *Stewart vs. The State,* 2 *H. & G.,* 114. A parol agreement made previously to a written agreement for the sale of a slave, and differing as to the time of delivery from the written agreement, cannot be given in evidence in a suit brought on the latter. *Franklin vs. Long,* 7 *G. & J.,* 407. Parol evidence is inadmissible to prove that a deed was not given for a money consideration, when such an one is recited, in order to invalidate it as a bargain and sale. *Hurr vs. Soper,* 6 *H. & J.,* 276. Parol evidence of declarations of a grantor, made after a conveyance was executed, are not evidence in any way to affect the validity of the deed. *Ibid.* See also, *Cross vs. Black,* 9 *G. & J.,* 198. *Kelb vs. Whitely,* 3

*G. & J.*, 188. *Fr. Bk. of Balt. vs. P. D. & M. Steam Nav. Co.*, 11 *G. & J.*, 28. *Miles vs. Knott*, 12 *G. & J.*, 442.

The trustee may sue, whether the insolvent himself could impeach the deed or not. *Gardner vs. Lewis*, 7 *Gill*, 391. *Waters vs. Dashiell*, 1 *Md. Rep.*, 470. *Teakle vs. Gibson*, 8 *Md. Rep.*, 70. *Dietus vs. Fuss*, 8 *Md. Rep.*, 148. All the facts and circumstances of the case must be brought into view to ascertain the *intent to prefer*, and the Courts are free to infer it from circumstances. *Powles vs. Dilley*, 9 *Gill*, 231.

As to what will vacate a deed under the insolvent laws, see the Act of 1845, ch. 139, sec. 2. *Falconer vs. Clark*, 3 *Md. Ch. Dec.*, 151, and 7 *Md. Rep.*, 177. *Hickley vs. Frs. & Mer. Bk.*, 5 *G. & J.*, 377. *Crawford vs. Taylor*, 6 *G. & J.*, 323. *Dulaney vs. Hoffman*, 7 *G. & J.*, 170. *Malcolm vs. Hall*, 9 *Gill*, 180. Act of 1816, ch. 221, sec. 6.

*Edward Long* and *Isaac D. Jones*, for the appellee:

In the argument of the first exception, the appellee will maintain that the commission under which it is alleged the deposition offered in evidence was taken, was never executed by the commissioner and returned to the Court, and that the alleged deposition was never used in the trial of any cause between the same parties, so as to entitle it to admission as evidence in this cause, under the rules of law. *Massey vs. Massey*, 4 *H. & J.*, 141. *Eyler vs. Mathews & Crabbs*, 2 *Md. Rep.*, 137. *Lewis vs. Kramer & Rahn*, 3 *Md. Rep.*, 267. 1 *Phillips' Ev.*, 379. 3 *Phillips' Ev.*, 572, 573. Not between same parties: 6 *Peters*, 328, *Boardman vs. Reed & Ford's Lessees*. See also, *Strike vs. McDonald*, 2 *H. & G.*, 192. *McDowell vs. Goldsmith*, 6 *Md. Rep.*, 319. *Stewart vs. Redditt*, 3 *Md. Rep.*, 67. *Glenn vs. Grover*, 3 *Md. Rep.*, 212. *Gaither vs. Gaither*, 3 *Md. Ch. Dec.*, 158. *Hurn vs. Soper*, 6 *H. & J.*, 276.

On the 2nd exception.—The evidence of Miss Mills was

admissible as part of the *res gestæ*, and to rebut the plaintiff's impeachment of the deed in question. 1 *Greenlf. Ev.*, sec. 109, *notes*. *Garner vs. Smith's Exrs.*, 7 *Gill*, 3. *Powles, et al., vs. Dilley, et al.*, 9 *Gill*, 234. *McDowell vs. Goldsmith*, 6 *Md. Rep.*, 319. 2 *Md. Ch. Dec.*, 118. 1 *Md. Reps.*, 73. *Matthews vs. Ward*, 10 *G. & J.*, 443. 1 *Phillips' Ev.*, 194.

On the 3rd exception.—The appellee will maintain that the evidence in this exception was admissible to rebut fraud, and to show the circumstances under which the payment of the purchase money, the consideration of the deed, took this shape. *Cole vs. Albers & Runge*, 1 *Gill*, 412. *Anderson vs. Tydings*, 3 *Md. Ch. Dec.*, 167. *Wilson vs. Watts*, 9 *Md. Rep.*, 380. *Berry vs. McLean*, 11 *Md. Rep.*, 99. *Carr vs. Hobbs, Ibid.*, 285. *McDowell vs. Goldsmith*, 2 *Md. Ch. Dec.*, 370. *Baxter vs. Sewell*, 3 *Md. Rep.*, 334. *Cole vs. Albers & Runge*, 1 *Gill*, 412. *Wolfe vs. Hauver, Ibid.*, 84. 1 *Phillips' Ev.*, 194.

On the 4th and 6th exceptions.—The appellee will maintain that the bills obligatory and declarations of the parties, in the presence of Bell and Handy, are admissible to rebut fraud, and to show the character of the defendant's continued possession of the land conveyed by him to Horsey, and as part of the *res gestæ*. *Doe vs. Arkwright*, 5 *Carr. & Payne*, 575. 3 *Phillips' Ev.*, 596, 598. *Doe vs. Pettett*, 5 *Barn. & Ald.*, 223.

On the 5th exception.—The appellee will maintain that the bond in question did not explain the deed to be a mortgage, and therefore was not required to be recorded with the deed. 7 *Cranch*, 23, *Hicks vs. Hicks & Norris.* 5 *G. & J.*, 75; see p. 79 as to what was held to be a conditional sale. *Dougherty vs. McColgan*, 6 *G. & J.*, 275. *H. K. Chase's case*, 1 *Bland*, 206. *Glenn vs. Randall*, 2 *Md. Ch. Dec.*, 221, 227.

On the 7th exception.—The first prayer raises the same question as the 5th exception, and is disposed of by the same authorities.

As to the 2nd, 3rd, 4th and 5th prayers in this exception, the appellee will maintain that they were properly refused:—1st. Because, although the jury might find all the facts stated in the prayers, yet, unless they also found that the grantee in the deed had notice of the insolvent condition and the fraudulent intent of the grantor, the law does not declare the deed void. *Sands vs. Hildreth,* 14 *Johns. Rep.,* 492. *Anderson vs. Roberts,* 18 *Johns. Rep.,* 515. *Falconer vs. Clark & Griffith,* 3 *Md. Ch. Dec.,* 151, affirmed in 7 *Md. Rep.,*, 177. Two minds must concur to constitute a fraud. *State vs. Bk. of Md.,* 6 *G. & J.,* 205. *Lyles vs. Digges,* 6 *H. & J.,* 371. *Beatty vs. Davis,* 9 *Gill,* 222.

2nd. Because there was no evidence in the cause legally sufficient to warrant the jury in finding that the defendant executed the deed in question with the view, expectation, purpose and intent set forth in the prayers. *Corner vs, Pendleton,* 8 *Md. Rep.,* 337. *Clarke's Admr., vs. Marriott's Admr.,* 9 *Gill,* 331. *Davis vs. Davis, et al.,* 7 *H. & J.,* 36.

GOLDSBOROUGH, J., delivered the opinion of this Court:

The plaintiff's lessee instituted an action of ejectment in the Circuit Court for Somerset county, on the 17th day of March 1857, to recover the parcels of land named in his declaration, and which his lessor claims as permanent trustee of the defendant, now appellee. The appellee appeared as defendant to the suit, and pleaded not guilty.

The lessor of the plaintiff offered in evidence the proceedings upon the application of the defendant for the benefit of the insolvent laws, and his, the appellant's appointment as trustee. He also offered in evidence the deed from Levi Riggin to the defendant, for the land involved in this

suit; and proved that the defendant had been in possession of the premises from the date of Levi Riggin's deed to the date of the institution of this suit.

The defendant, to sustain the issue on his part, offered in evidence a deed from *himself* to Joshua P. Horsey, dated the 27th day of October 1849, by which the land in dispute is conveyed to Horsey in fee, for $1,400 paid to the defendant by Horsey, as stated in the record.

He further offered in evidence a bond executed by Horsey to him, dated the 27th October 1849, by which Horsey binds himself in the penalty of $2,800 to convey back the land which had been conveyed to him by the deed in question, on payment of $1,400, with interest thereon, on or before the 27th day of October 1851.

He also offered to prove, by Miss Mary P. Mills, the facts stated in the record, relating to a certain conversation and agreement between the defendant and Horsey, prior to the execution of the deed in relation thereto.

The defendant therefore relies for his defence on the outstanding title of Horsey, a third party. It thus appears that the plaintiff's lessor and Horsey both deduce their title from the defendant.

At the trial of the cause, seven exceptions were taken by the appellant to the ruling of the Court. Six of them upon the admission or rejection of evidence, and the other upon the rejection of the appellant's prayers set out in the seventh exception.

We shall review the action of the Circuit Court upon the exceptions as they are respectively presented in the record.

The rejection of the evidence contained in the first exception, was correct. Though the deposition of Moore was taken under a commission from Chancery, in a cause then pending between the parties to this cause, there is no evidence that the commission was properly returned and authenticated by the commissioner, or that the Court amongst

whose records it was found, had taken any judicial action upon it. 4 *H. & J.*, 141. 2 *Md. Rep.*, 154.

We think the Court was right in admitting the evidence of Miss Mills, as stated in the second exception. That evidence was not only admissible to explain the motives and circumstances surrounding the deed from Riggin to Horsey, and therefore a part of the *res gestæ*, and also to rebut the plaintiff's impeachment of it on the ground that Riggin, at the time, had it in contemplation to apply for the benefit of the insolvent laws; but its admission worked no injury to the plaintiff, tending, as will be perceived hereafter, to qualify the absolute character of the deed before referred to.

The purpose of the defendant in offering the evidence in the third exception, is not inconsistent with the consideration in the deed from Riggin to Horsey. The payment of the claims by Horsey for Riggin, at his instance, is the same as if they were paid by him. See 3 *Md. Ch. Dec.*, 171. The evidence was also admissible to rebut the allegation of fraud. See 1 *Gill*, 412.

The fourth and sixth exceptions may be considered together, and we think the evidence in them, respectively, was properly admitted. The plaintiff had given evidence of the continued possession of Riggin after the deed to Horsey, from which fraud might be inferred. The bills obligatory and declarations of the parties, in the presence of Bell and Handy, were admissible to rebut fraud, and as to those transactions, may be properly regarded as *res gestæ*, and as explanatory of Riggin's continued possession. 14 *E. C. Rep.*, 366, 367.

In the fifth exception, the plaintiff moved the Court "that the record of the deed from Riggin to Horsey, which had been read in evidence, be excluded from the jury, as not legal and competent evidence in the cause; because said bond was not recorded with said deed."

The only valid and legal defence relied on by the defendant, is the outstanding title of his vendee, Joshua P. Horsey, and that title is shown by the deed offered in evidence. If from any legal view of this case, the Circuit Court erred in refusing the plaintiff's motion, as stated in the fifth exception, and if the deed from Riggin to Horsey should have been excluded from the jury, as not legal and competent evidence, the judgment must be reversed.

In considering the fifth exception, it must be borne in mind that the evidence on the part of the defendant had been offered to the jury with the sanction of the Court, against the exception of the plaintiff thereto. This evidence, thus offered by the appellee, was binding on him. It was part of his case, which he could not contradict.

The bond offered in evidence, and the testimony of Miss Mills, showed that the deed, though absolute on its face, was intended to be but a mortgage to secure the re-payment of the debts which Horsey had paid for Riggin. It was not a case in which conflicting evidence was offered as to a disputed point; but it is a case of written or oral admissions of the defendant, by which he was bound. The jury, therefore, could not, for his benefit, find the facts to be otherwise than he had thus admitted them to be.

The Court, in passing upon the admissibility of the deed, should have assumed these facts as proved, and then have pronounced upon their legal effect on the deed. The Court could have said, these facts, thus admitted to be true, converted the deed, absolute on its face, into a mortgage. If the evidence of these facts had been offered by the plaintiff, then it would have been necessary for the jury to pass upon them, even though the evidence might have been all one way on the point.

Where a party, by his own admissions, or by his own proof, shows facts, and the Court is then asked to make a ruling on them against him, it may assume the facts to be

true; because he cannot contradict them. In *Armstrong vs. Risteau*, 5 *Md. Rep.*, 269, 275, each party made locations, and as to the first and second lines of the whole tract, the locations were identical, and this was held to be an admission by which the plaintiff was concluded, so that the jury could not find contrary thereto, but must find the beginning, &c., to be as located by the plaintiff. This doctrine is admitted and followed in 11 *Md. Rep.*, 184, *Inloes' case*, and in 18 *Md. Rep.*, 355, 356, *Birney vs. N. Y. & W. T. Co.*

If the plaintiff had offered a prayer, that if the jury find the facts testified to by Miss Mills, and the execution of the bond, then such facts and their legal effect made the deed a mortgage; and we think the Court would have erred if it had refused it. We regard the same question as raised by the plaintiff, when he asked the Court to exclude the deed from the jury. The point raised in the fifth exception, is the admissibility of the deed. Its exclusion was asked upon proof adduced by the defendant himself; in fact, upon his own admissions. If it be true that the jury could not, at the instance of the defendant, have found the facts contrary to his own admissions, the Court had a right to assume the truth of such facts, and to pronounce upon their legal effect.

This proof was a necessary part of the defendant's case, in order to rebut the evidence of fraud offered on the part of the plaintiff. The defendant could not use it for one purpose, and then deny its truth when the plaintiff attempted to make use of it for the purpose of raising a question of law upon the admissibility of the deed.

In view, therefore, of the evidence offered by the appellee, both written and oral, and to which we have heretofore referred, the deed from Riggin to Horsey must be regarded as a mortgage, and there being no evidence that the bond, operating as a defeasance, was recorded with the deed,

Horsey could have no benefit or advantage from the recording thereof, and the deed was improperly admitted to go to the jury as evidence of title in Horsey. See Act of 1825, ch. 203, sec. 2. Act of 1818, ch. 104.

And further, if the deed from Riggin to Horsey be regarded as a mortgage, the plaintiff, as the insolvent trustee of Riggin, takes the property in dispute into his exclusive *possession and control,* free from the interference of Horsey, the mortgagee. See 1 *Md. Rep.*, 471. 5 *Gill,* 178.

The first prayer of the plaintiff, in the seventh exception, was properly rejected. The question presented by this prayer is not the same as that arising on the fifth exception, which has been before considered. The prayer, so far as it regards the effect of a failure to record the bond of re-conveyance, confines the attention of the Court to the deed and the bond, without referring to the other evidence in the cause, which tended to explain the real nature of the transaction, and presents the proposition that the legal effect of those papers was to bring the case within the provisions of the Act of 1825. In the opinion of this Court, such a proposition cannot be maintained. A contract by a vendee, made contemporaneously with the deed, to re-sell to the vendor, if *bona fide,* does not impair the validity of the deed, nor is it necessary that the contract for re-sale should be recorded. In passing upon the fifth exception, we have said that the testimony offered by the defendant, explaining the real nature of the transaction, brought the case within the Act of 1825; but on the face of the papers considered in themselves, this result does not follow.

The second, third, fourth and fifth prayers in the seventh exception, were also properly refused. Because, although the jury might find all the facts stated in those prayers, yet, unless they also found that Horsey, the grantee, had notice of the insolvent condition or fraudulent intent of

70    v.19

Mayor & C. C. of Balto. *vs.* County Commrs. of Balto. Co.

Riggin, the grantor, the grantee's title under the deed could not be successfully impeached, either under our insolvent laws, or under the Statute of Elizabeth. See 18 *Johns. R.*, 530, 538. 3 *Md. Ch. Dec.*, 151. 6 *Cranch*, 133.

These prayers are all fatally defective, in omitting to require the jury to find such notice or knowledge on the part of Horsey. Although there was evidence in the cause from which the jury might find such knowledge by Horsey, this evidence ought to have been submitted by the prayers to the jury.

The ruling of the Circuit Court upon the first, second, third, fourth, sixth and seventh exceptions, is affirmed, and reversed on the fifth exception.

> *Judgment reversed and procedendo awarded.*