# CIRCUIT COURT OF BALTIMORE CITY.

---

Filed February 12, 1924.

---

COMMERCIAL BANK OF BALTIMORE, USE OF RICHARD B. TIPPETT,

· VS.

A. WARD HAMILL AND LOLA G. HAMILL.

---

*Richard B. Tippett & Son* for complainant.

*M. Albert Levinson* for petitioners.

DAWKINS, J.—

The petitioner seeks to have out of the proceeds of the sale of the property herein the amount of a certain mortgage paid to him. The question is to be determined by what effect is to be given to the registration laws and what is the proper construction of Article 66, Section 1 of the Code of Public General Laws.

The following are the items to be considered:

Mortgage from A. Ward Hamill and Lola G. Hamill, his wife, to Commercial Bank of Maryland, dated August 29, 1921, and duly recorded, $4,000.

Deed from A. Ward Hamill and Lola G. Hamill, his wife, to John B. Marr,

subject to a ground rent of $75, dated October 15, 1921, recorded December 2, 1921, consideration $5.

Mortgage from A. Ward Hamill and Lola G. Hamill, his wife, to Morris Lisansky and David Lisansky, dated August 26, 1922, for $2,700, duly recorded.

And Article 66, Section 1 of the Code of Public General Laws: "Every deed conveying real estate or chattels, which by any other instrument or writing shall appear to have been intended only as a security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage, and the person for whose benefit such a deed shall be made shall not have any benefit or advantage from the recording thereof, unless every instrument and writing operating as a defeasance of the same or explanatory of its being designed to have the effect only of a mortgage or conditional deed, be also therewith recorded."

The property sold for $8,300 on November 2, 1923, under a foreclosure sale of the first mortgage. After the payment of expenses of sale, mortgage debt, etc., there is left in the hands of the trustee about $4,000. There is no denial of the fact that Mr. Marr was in effect a straw man and was named as grantee in the deed to hold the property as trustee for the purpose of protecting or securing the payment of Messrs. Richard B. Tippett and Alva A. Lamkin a fee of $5,000 due by Hamill to them for services rendered and to be rendered.

It is not denied that the mortgage to the Lisanskys was made in good faith and the consideration named turned over to Hamill, without the knowledge of the existence of the said—deed mentioned being brought home to the mortgagees Lisanskys either through the attorney who examined the title or by Hamill, or that the previous mortgagee Ellis Baker, assignee, whose mortgage was paid with money obtained from the Lisanskys—knew of the deed.

The mortgagee in each case depended upon his attorney and the attorney depended upon Hamill in addition to such examination as he made.

The unrecorded paper or agreement upon which the defendant relies to defeat the priority of the lien of the deed is as follows:

"This agreement made this 15th day of October, 1921, between Richard B. Tippett, Alva Lamkin and John B. Marr, parties of the first part, and Lola G. Hamill and Alexander W. Hamill, parties of the second part.

WITNESSETH, Whereas, the said Lola G. Hamill and Alexander W. Hamill, her husband, are indebted unto Richard B. Tippett and Alva A. Lamkin, in the sum of five thousand dollars ($5,000) for services rendered and to be rendered in the pending criminal prosecution against Alexander W. Hamill, and

WHEREAS, for the purpose of securing the payment of the same, they have this day conveyed to John B. Marr, the property located at 514 Rossiter avenue, in the City of Baltimore, State of Maryland;

NOW, THEREFORE, IT IS MUTUALLY AGREED between the parties hereto that upon the payment of the said five thousand dollars ($5,000) on or before June 1st, 1922, to the said Richard B. Tippett and Alva A. Lamkin, without interest, the said John B. Marr shall convey the property back to the said Lola G. Hamill and Alexander W. Hamill, her husband, or to such person as they may name, the said Lola G. Hamill and Alexander W. Hamill, her husband, having the privilege at any time between this date and the 1st of June, 1922, to make partial payments or pay the said amount in full. In the meantime it is agreed that the said Lola G. Hamill and Alexander W. Hamill, her husband, shall have the right to remain in the premises and occupy the same upon paying all interest charges on the present mortgage of four thousand dollars ($4,000) on said property and taxes, water rent, and other public dues and charges, if any, and if the mortgage of four thousand dollars ($4,000) which is to mature five months hence cannot be renewed or it will be required of the mortgagees to pay a bonus for extending said mortgage, then the said John B. Marr shall have the right if the said Lola G. Hamill and Alexander W. Hamill, her husband do not pay such bonus or such other charges as may be necessary to have said mortgage extended or a new mortgage placed on said property and the same shall be added to the amount of five thousand dollars ($5,000) or to the balance due thereon at the time of

such payments, and if the said Lola G. Hamill and Alexander W. Hamill, her husband, fail to pay said five thousand dollars ($5,000) or any additions thereto that are authorized under this agreement, on or before 1st day of June, 1922, then the said John B. Marr is hereby directed to make public or private sale of said property, and to pay all expenses incident thereto including a commission for making sale of said property, and payment of the balance then due to the said Richard B. Tippett and Alva A. Lamkin, and the balance if any, after paying all expenses and after paying Richard B. Tippett and Alva A. Lamkin shall be paid over to said Lola G. Hamill and Alexander W. Hamill, her husband.

In the event said property shall be taken from said John B. Marr by legal process, then this agreement shall be null and void, but the said sum of five thousand dollars ($5,000) shall still remain due and payable by the said Lola G. Hamill and Alexander W. Hamill, her husband, less such sums if any, they have paid on account thereof, the said John B. Marr assuming no personal liability or responsibility under the terms of this agreement.

As witness the hands and seals of the parties hereto.

| | |
|---|---|
| RICHARD B. TIPPETT | (Seal) |
| ALVA A. LAMKIN | (Seal) |
| JOHN B. MARR | (Seal) |
| LOLA G. HAMILL | (Seal) |
| ALEXANDER W. HAMILL | (Seal) |

Test:

LEE RAPPAPORT.

If the deed is of no effect the prayer of the petition to make the mortgage a lien ahead of the deed should be granted.

If due force and effect is to be given to the registration laws a recorded conveyance is constructive notice to all persons who deal with the property. We are not concerned with the rightousness of the consideration for which the deed was executed as both the vendor and vendee say it was for the purpose of protecting Messrs. Tippett and Lamkin in their fee of five thousand dollars ($5,000).

The registration of a conveyance must operate as constructive notice to all subsequent purchasers of any estate legal or equitable. It surely can not be contended that the statute contemplates that a deed that conveys a less estate than it purports to convey works any hardship on any one simply because the instrument indicating the lesser estate has been withheld from record. In effect the paper is merely a promise to reconvey when the five thousand dollars ($5,000) is paid to Messrs. Tippett and Lamkin. Had not the mortgagees overlooked in their examination of the title the deed they would not have lent the money on the mortgages. The mortgagees surely had every opportunity to find the state of the paper title. He became a creditor notwithstanding the existence of the deed. Surely it was not the duty of the grantee in the deed to give actual notice to a person whom he could not know was dealing with the Hamills. He gave the notice that the law provides by recording his deed.

In Waters vs. Riggin, 19 Md. 553, as deed absolute on its face but intended as a mortgage was held in so far as rights gained by failure to properly record that a contract of resale if bona fide is not necessary to be recorded with the deed.

In Owens vs. Miller, 29 Md. 159 (which is very analogous to this case), a deed absolute on its face was intended as a mortgage and there was an agreement to that effect that was not recorded. Subsequently a deed was executed to another and the question arose as to priority:

Held that a second deed had to be postponed to the equities of the first deed, because there was constructive notice when the second deed was executed and recorded and the debt created.

There were no creditors so far as disclosed at the time the deed was executed save the first mortgage.

Both of the other mortgages mentioned were given after the deed had been recorded and clearly understood by all parties with no suggestion of deceiving or defrauding anyone.

The Court does not feel that the failure to record this agreement should defeat the priority of the deed over the second mortgage, yet the deed must be taken at its face. Unfortunately the one who prepared the deed must to have erred in drafting it for the deed

whilst intended most likely to convey the entire interests of the Hamills does not do this. No metes and bounds of the property intended to be conveyed are given. The grant is of the property conveyed in a certain deed, place of reference being to the original deed conveying only the leasehold interest, stating as in the last mentioned original deed that the property is subject to a ground rent of seventy-five dollars ($75). No matter what interests the Hamills may have had at the time the deed was given it only conveys as stated, therefore as the conveyances made certain omissions, the effect of this deed should be taken at its terms.

The prayer and petition to make the second mortgage take precedence over the deed is denied.

The deed so far as it purports is to convey the lot subject to a ground rent of seventy-five dollars, is held to be a prior lien to the second mortgage. The auditor in making distribution of the proceeds of sale, will ascertain the value of said lot subject to the ground rent as stated and distribute the sum to the grantee in said deed and the balance in accordance with **priority of** mortgages or other liens without regard to the deed.